THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>DRAGONCHAIN, INC., *et al*.,<br><br>Defendants. | CASE NO. C22-1145-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motions to strike affirmative defenses (Dkt. No. 18). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.   **BACKGROUND**

Plaintiff alleges that Defendants engaged in the unlawful offer and sale of securities in violation of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") 15 U.S.C. §§ 77(e)(a) and77e(c). (*See* Dkt. No. 6.) On December 21, 2022, Defendants filed an answer to the complaint, asserting 12 affirmative defenses. (Dkt. No. 17 at 23–24.) Plaintiff moves to strike three of the affirmative defenses, on the grounds that each defense either lacks sufficient supporting facts to give Plaintiff fair notice or are not valid defenses. (*See* Dkt. No. 18.)

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. R. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). To determine whether a defense is "insufficient" under Rule 12(f), the Court asks whether it gives the plaintiff fair notice of the defense. *Simmons v. Navajo Cty*, 609 F.3d 1011, 1023 (9th Cir. 2010) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). Under Federal Rule of Civil Procedure 8, a party must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b); *see also Rosen v. Marketing Grp, LLC*, 222 F. Supp. 3d 793, 802 (C.D. Cal. 2016) ("Affirmative defenses must be supported by at least some facts indicating the grounds on which the defense is based, but need not include facts sufficient to demonstrate plausible entitlement to relief.").

#### 1. Statute of Frauds and Waiver

Defendants' sixth affirmative defense reads in its entirety: "Plaintiff is barred from relief by statute of frauds and waiver." (Dkt. No. 17 at 24.) Because this case does not involve any contract claims, Defendants' threadbare reference to the statute of frauds, a contract based affirmative defense, does not give the Plaintiff fair notice of the purported defense. Neither does invocation of the term "waiver." Simply asserting these defenses as a conclusory statement, with no indication as to which claims Defendants believe are barred from relief by the statute of frauds or by waiver, does not give Plaintiff fair notice. *See Rosen*, 222 F. Supp. 3d at 797. On this basis, the Court STRIKES Defendants' sixth affirmative defense with leave to amend.

#### 2. Equitable Estoppel, Laches, and Waiver

Defendants' seventh affirmative defense reads in its entirety: "Plaintiff is barred from

relief by laches, estoppel, and waiver." (Dkt. No. 17 at 24.) Defendants concede that the "burden is high to prove estoppel against the Government," (Dkt. No. 21 at 7), and that it is "well settled" that "the government may not be estopped on the same terms as a private litigant" (*Id.*) (citing *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51, 60 (1984)). While the Court recognizes that the defenses of estoppel, laches, and waiver are sometimes available against a government agency, Defendants have not pled any facts to demonstrate why they would be available here. Simply asserting these defenses as a conclusory statement, with no indication as to which claims Defendant believes are collaterally estopped or why they are collaterally estopped, or which claims are barred by the doctrine of laches, does not give Plaintiff fair notice. *See Rosen*, 222 F. Supp. 3d at 797.  On this basis, the Court STRIKES Defendants' seventh affirmative defense with leave to amend.

   3. <u>Lack of Specificity and Particularity</u>

Defendants' eighth affirmative defense reads in its entirety: "Plaintiff's allegations constitute a 'puzzle pleading' and fail to identify with specificity and particularity the legal elements that make Defendants' tokenized software micro-license a security." (Dkt. No. 17 at 24.) By definition, "[a] defense which demonstrates that [a] plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Such a defense is merely rebuttal against the evidence presented by the plaintiff. On the other hand, "[a]n affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Roberge v. Hannah Marine Corp.*, 1997 WL 468330, slip op. at 3 (6th Cir. 1997).

  Accordingly, Defendants' assertion that Plaintiff has failed to identify elements of the charge is not an *affirmative* defense; rather, it simply challenges the legal or factual sufficiency of Plaintiff's claims argues that Plaintiff cannot meet his or her burden of proof. Therefore, the

Court STRIKES Defendants' eighth affirmative defense without leave to amend.[1]

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike Defendants' affirmative defenses (Dkt. No. 18) is GRANTED. In accordance with this order, the Court STRIKES Defendants' affirmative defense No. 8 *without leave* to amend. The Court STRIKES Defendants' affirmative defenses Nos. 6 and 7 *with leave* to amend. If Defendants chooses to file an amended answer, they must do so within 14 days from the issuance of this order.

DATED this 9th day of March 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] This ruling does not preclude Defendants from challenging the legal sufficiency of Plaintiff's claims in a dispositive motion, such as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).